[No. 19781. Department Two. October 4, 1926.]

THOMAS N. FOWLER, *Appellant,* v. ED HUNTER *et al., Respondents.*[1]

[1] PARTNERSHIP (2)—COMMUNITY OF INTEREST—SHARING PROFITS AS COMPENSATION. Findings denying the existence of a partnership are sustained, where the only promise to give plaintiff a share in the profits of a logging venture was solely as compensation for money advanced for the use of the business, conducted solely by another.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered June 24, 1925, in favor of one of the defendants, upon sustaining a challenge to the sufficiency of the evidence to establish a partnership liability. Affirmed.

*Riddell & Brackett* and *T. N. Fowler,* for appellant.
*Byers & Byers* and *John A. Homer,* for respondent.

MITCHELL, J.—This action was brought to recover for labor performed for and goods furnished to the

¹Reported in 249 Pac. 495.

alleged partnership consisting of Ed Hunter and C. H. Walker. Ed Hunter, appearing separately, denied the partnership. At the trial before a jury, upon the close of plaintiff's case, Hunter challenged the sufficiency of the evidence to justify any verdict against him. His motion was granted. The plaintiff has appealed from that portion of the judgment dismissing the action as to Hunter.

[1] An examination and consideration of the evidence satisfies us that the judgment was right. C. H. Walker owned timber and was without means to log it. He arranged with Hunter to get money for that purpose, with the understanding that he would repay the full amount loaned and give him a part of the profits, if any. Hunter furnished money from time to time to Walker and about as often took promissory notes from him equal to the amount of money furnished. Walker conducted the business of logging in his own name, as he pleased, and without any participation by, or right of control, on the part of Hunter who was never held out as a partner. It appears to be plain from the evidence that the promise to give Hunter a share in the profits, if any, was not referable to any partnership agreement, but solely as compensation for the money loaned by him to Walker.

Judgment affirmed.

TOLMAN, C. J., ASKREN, PARKER, and MACKINTOSH, JJ., concur.